IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-210-FL

| | |
|---|---|
| DONALD L. MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| HARTFORD INSURANCE COMPANY ) | |
| and LEWIS CHESTER & ASSOCIATES,[1] ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendant Lewis Chester & Associates' ("Lewis-Chester") motion to dismiss (DE # 8), defendant Hartford Insurance Company's ("Hartford") motion to dismiss (DE # 15), and plaintiff's motion for summary judgment (DE # 18). Plaintiff, proceeding *pro se*, responded in opposition to defendants' motions to dismiss, and moved for summary judgment in his response to Hartford's motion. Defendants have filed replies, and in this posture the issues raised are ripe for review. For the following reasons, defendants' motions to dismiss are granted and plaintiff's motion for summary judgment is denied as moot.

## STATEMENT OF THE CASE

Plaintiff filed *pro se* complaint on October 18, 2010, alleging violation of 18 U.S.C. § 1341 for mail fraud. Lewis-Chester filed motion to dismiss, and plaintiff responded in opposition. Shortly thereafter, Hartford also filed motion to dismiss, which plaintiff responded to in opposition and at the same time, moved for summary judgment. Defendants filed replies in support of their motions.

---

[1] The case caption reflects the parties' names as plaintiff refers to them in complaint. The court acknowledges that defendant Lewis-Chester Associates, Inc., notes in its filings that the manner in which plaintiff identifies defendant is incorrect.

## STATEMENT OF FACTS

The facts as alleged by plaintiff in his complaint are as follows.[2] From approximately 1994 to 2007, plaintiff was president and board chairman of Cost Containment Incorporated ("CCI"), a company that contracted with the federal government to issue and deliver food stamps to clients of county governments in the states of Ohio, Virginia, and North Carolina. Lewis-Chester is an insurance brokerage firm. In December of 1994, plaintiff engaged Lewis-Chester to obtain two insurance policies from Hartford. One policy was for post office mail losses and the other policy was for over the counter operating losses arising from the issuance of federal food stamps. All insurance payments and claims were sent to Lewis-Chester for processing with Hartford. All payments for insurance claims received by CCI were received from Lewis-Chester.

Some claims were paid in 1996 for post office and over the counter losses. However, disputes appear to have arisen between CCI and Lewis-Chester, and CCI cancelled the Hartford policies. Plaintiff alleges that from January to March 1997, Lewis-Chester over-billed CCI and kept claim money from Hartford.

Following a jury trial, plaintiff was convicted in November 2002 of conspiracy to defraud the United States, fifteen counts of making false statements and aiding and abetting, seven counts of mail fraud and aiding and abetting, using, transferring, acquiring, and possessing food stamps in an unauthorized manner and aiding and abetting, and conversion of food stamps. Before his sentencing, plaintiff fled the jurisdiction. He was indicted for failure to appear on April 5, 2006, and

---

[2] Because of the court's obligation to liberally construe a *pro se* complaint, the court considers the existing facts alleged in plaintiff's responses in opposition to the extent the additional facts support his existing claims. To the extent new facts are alleged in the responses, the court construes such responses as motions to amend complaint, which are allowed under the more liberal pleading standards afforded *pro se* defendants. See, e.g., Smith v. Blackledge, 451 F.2d 1201, 1202-03 (4th Cir. 1971) (holding that a document construed as plaintiff's opposition to motion to dismiss should have been considered an amendment to the complaint); Riner v. Edwards, 2008 WL 4388788, at *6 (W.D.W.Va. Sept. 26, 2008) (holding that the court would construe plaintiff's opposition to the motion to dismiss to the extent that it raised new claims because of the less stringent pleading standards to be accorded *pro se* plaintiffs).

2

on March 27, 2007, a jury found plaintiff guilty of knowingly failing to appear at his April 25, 2003, sentencing.[3] Plaintiff was fined and sentenced to a term of imprisonment of twenty-one (21) months on each of the twenty-five counts of fraud, to be served concurrently, and six months to be served consecutively for failing to appear. Plaintiff seeks monetary damages as well as punitive damages against defendants for "misleading the Federal Court and causing [plaintiff] to be wrongly convicted and incarcerated for over two years." (Compl. 2.)[4]

## ANALYSIS

A.   Defendants' Motions to Dismiss

Plaintiff's amended complaint states that he brings civil suit against defendants pursuant to 18 U.S.C. § 1341, a criminal statute. In addition to his claim under criminal law, plaintiff alleges fraud, particularly that defendants have engaged in illegal behavior for over a decade as well as fraudulently converted plaintiff's assets. Defendants, moving separately, both move to dismiss plaintiff's complaint on the grounds that the court lacks subject matter jurisdiction over plaintiff's 18 U.S.C. § 1341 claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and also that plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The court considers each argument in turn.

1.   Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim may be dismissed

---

[3] These facts are taken both from plaintiff's amended complaint, but also from the unpublished Fourth Circuit opinion affirming plaintiff's convictions and sentence. See United States v. Morrison, 333 Fed. App'x 741 (4th Cir. 2009). The court can properly take judicial notice of these facts as set forth in the public record, and consider such facts when deciding a motion to dismiss under rule 12(b)(6). See, e.g., Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004).

[4] As defendants note, and the court is aware, plaintiff has filed numerous lawsuits in this district against various parties challenging his 2002 conviction. The court is aware of one such case currently on its docket, Morrison v. Holding et al, No. 7:10-CV-237.

3

for lack of subject matter jurisdiction. The burden of proving subject matter jurisdiction is on plaintiff, the party asserting jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995). Defendants assert that plaintiff's claim must be dismissed because plaintiff's complaint states that he is suing pursuant to 18 U.S.C. § 1341, which is a criminal statute.[5] As this court has held before, in particular with regard to this defendant, federal criminal statutes do not create civil liability or confer civil jurisdiction upon United States courts. See, e.g., Knox v. Comm'r of SSA, 2009 WL 4545168, at *8-9 (E.D.N.C. Dec. 4, 2009); Morrison v. Monroe, 2010 WL 5056001, at *3 (E.D.N.C. Oct. 29, 2010). To the extent plaintiff seeks relief directly under 18 U.S.C. § 1341, the court does not have jurisdiction over this claim, and defendants' motion to dismiss this claim is granted.

2.     12(b)(6)

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009)

---

[5] 18 U.S.C. § 1341 is a criminal statute prohibiting mail fraud. It provides a punishment of up to thirty years imprisonment or a fine of up to $1,000,000.00. 18 U.S.C. § 1341. While the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), does provide a private right of action for a person injured in his business or property by reason of a violation of section 1962, which includes an act indictable under 18 U.S.C. § 1341, plaintiff has not alleged that he is suing under RICO, and if he did, as set forth below, he does not state facts sufficient to state a claim for relief.

4

(citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949, and Twombly, 550 U.S. at 557). When considering a rule 12(b)(6) motion, a court must keep in mind the principle that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 92 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994).

Furthermore, where a plaintiff pleads fraud, as is the case here, it must be plead with "particularity" pursuant to Federal Rule of Civil Procedure 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

With the foregoing principles in mind, the court finds that plaintiff has failed to state a claim upon which relief could be granted. Even construing plaintiff's pleadings liberally, it seems that plaintiff's suit is little more than an attempt to blame defendants for plaintiff's 2002 conviction. Furthermore, to the extent plaintiff alleges claims of fraud against defendant, he has failed to plead so with particularity, making only conclusory allegations that defendants acted fraudulently and illegally. Additionally, plaintiff's conviction has not been overturned, vacated, or otherwise called into question. The Fourth Circuit has affirmed plaintiff's conviction, see Morrison, 333 Fed. App'x 741 (4th Cir. Jun. 18, 2009), and plaintiff's petition for writ of certiorari to the Supreme Court was denied. See Morrison v. United States, __ U.S.__, 130 S.Ct. 1715 (2010).[6] Additionally, as defendants note, plaintiff cannot collaterally attack his conviction through a civil proceeding. See

---

[6] Plaintiff attaches his petition for certiorari to the United States Supreme Court as an exhibit to his response in opposition to Lewis-Chester's motion to dismiss.

5

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.").[7]

Accordingly, after careful review of the pleadings, and considering *pro se* plaintiff's pleadings under a more liberal pleading standard, the court finds that plaintiff has failed to state a claim that would entitle him to relief under the law. As such, defendants' motions to dismiss for failure to state a claim are granted.

B.  Motion for Summary Judgment

As noted above, in plaintiff's response in opposition to Hartford's motion to dismiss, plaintiff moves for summary judgment, presumably as to all claims. In light of the court's decision granting defendants' motions to dismiss, plaintiff's motion for summary judgment is denied as moot.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motions to dismiss (DE # 8, 15) as to all claims, and DENIES as moot plaintiff's motion for summary judgment (DE # 18). The Clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[7] To the extent plaintiff claims that defendants engaged in misconduct before and during plaintiff's criminal trial, defendants contend that any such claim would be time-barred. Regardless, the allegation does not plausibly state a claim for relief in light of the affirmation of plaintiff's conviction, and more importantly, in light of plaintiff's failure to make anything more than a "bare assertions devoid of further factual enhancement." Nemet Chevrolet, 591 F.3d at 255.